**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MICHAEL A. McNEASE, GLADYS R. FRENCH, Administrator of the ESTATE OF DONICSE A. REDMOND, MAURICE McNEASE, and TM, a minor child, by and through MICHAEL A. McNEASE, her natural father and next friend, | No. 19-cv-07280 |
| Plaintiffs, | Judge John F. Kness |
| v. | |
| DEPUTY GIZELL LALDEE, DEPUTY RALPH MARROQUIN, DEPUTY CHRISTOPHER KOLASA, DEPUTY TIMOTHY WILSON, COOK COUNTY, ILLINOIS, and LAVANO FOSTER, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for summary judgment (Dkt. 95)[1] brought by individual Sheriff's Deputy defendants ("Defendants") who executed an eviction order that had, in fact, been previously vacated. As explained below, because the undisputed material facts reveal that Defendants are bestowed with quasi-judicial immunity, they are entitled to summary judgment. Accordingly, their motion for summary judgment is granted.

---

[1] Plaintiffs' cross-motion for summary judgment (Dkt. 109) is denied for the same reasons that the Court grants Defendants' motion for summary judgment.

## I.  BACKGROUND

At times relevant to this case, Plaintiffs were tenants at 756 East 148th Street in Dolton, Illinois (the "Residence"), which is located in Cook County, Illinois. (Dkt. 96 ¶ 1.) Defendants were employed by the Cook County Sheriff's Office, and Defendant Lavano Foster owned the Residence. (*Id.* ¶¶ 2–3.) On August 25, 2017, Foster, who was the plaintiff in a relevant state-court eviction proceeding, obtained a default judgment against Plaintiff McNease that included an Order for Possession for the Residence. (*Id.* ¶ 6.) The order bears a court stamp and is facially valid. (*Id.* ¶ 7.) Foster completed the Eviction Disclosure Form on September 12, 2017. (*Id.* ¶ 8.) But on October 5, 2017, the state court vacated the default judgment order granting possession to Foster when Plaintiff McNease appeared in court and showed proof of payment. (Dkt. 111 ¶ 25–26.)

In the Cook County court system, the Services Department, Civil Division maintains policies governing acceptance and enforcement of orders affecting possession of real property. (Dkt. 96 ¶¶ 17–41.) Consistent with those policies, Defendants contacted the Sheriff's Evictions Office before executing the Order for Possession to determine whether any motion, stay, or other order altered the status of the Order or the Residence. (*Id.* ¶¶ 9, 21, 27.) They were advised that no such filings existed with the Cook County Sheriff's Office. (*Id.* ¶ 10.) The Civil Division's records for this eviction likewise reflect no stay order certified by the Clerk of the Circuit Court or the Clerk of the U.S. District Court and no filing with the Sheriff's Office that would have halted execution of the Order for Possession on November 6, 2017.

(*Id.* ¶ 15.) In short, the Sheriff's Office possessed no document reflecting that the eviction should not proceed. (*Id.* ¶ 16.)

On November 6, 2017, at approximately 10:35 a.m., Defendants executed the Order for Possession at the Residence. (*Id.* ¶ 11.) Plaintiffs were not present, Foster attended and completed the required paperwork, and Defendants did not remove any of Plaintiffs' property during the execution. (*Id.* ¶¶ 12–14, 39.)

Plaintiffs subsequently brought this suit advancing a litany of state and federal claims. (Dkt. 1.) In time, the case has narrowed significantly: the Court (in an order entered by a previously-assigned judge) dismissed Plaintiffs' pendent state-law claims for respondeat superior, conversion, wrongful eviction or trespass, and conspiracy with prejudice under the one-year statute of limitations. (Dkt. 35.) Plaintiffs amended their complaint (Dkt. 37), and the Court then dismissed Count II (Fourteenth Amendment procedural due process) with prejudice and Count III (Fourteenth Amendment equal protection) without prejudice. (Dkt. 44.) Plaintiffs did not further amend their pleading. At present, then, Count IV (state law indemnification) remains asserted against Cook County—which was never served and has not appeared in the case.[2] (Dkt. 45.) Counts V through XI (various state law

---

[2] Plaintiffs initially brought suit against the Cook County Sheriff's Office seeking indemnification. (Dkt. 3.) But because the Sheriff's Office is not a legal entity separable from the county government it serves, the Court dismissed the claim with prejudice. (Dkt. 35 at 1 n.2.) Plaintiffs then filed an amended complaint naming Cook County in its indemnification claim. (Dkt. 37 ¶ 69–71.) But Plaintiffs never served Defendant Cook County and have not shown good cause for their failure to do so (Plaintiffs are silent on this issue), so the claim can rightly be dismissed. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). In any case, Plaintiffs indemnification claim is moot considering the grant of summary judgment against Plaintiffs on Count I. Accordingly, Count IV is dismissed without prejudice.

claims, excluding Count X) are asserted against Foster, who likewise has not been served with the operative complaint[3] and has not appeared.[4] (*Id.*) Count X alleges that Defendant Foster violated Plaintiffs' constitutional rights under the Fourth Amendment.[5] As a result, the only claim presently at issue on summary judgment is Count I, Plaintiffs' Fourth Amendment claim against Defendants.

---

[3] Defendant Foster was personally served with the initial complaint and with Defendants' crossclaim (Dkt. 59; Dkt. 14, 60.) The Court previously dismissed various state claims against Defendants with prejudice because they were barred by the applicable statute of limitations (Count V: respondeat superior; Count VII: conversion; Count VIII wrongful eviction; Count IX: conspiracy). (Dkt. 35 at 5–6.) Plaintiffs' amended complaint maintained the various state law counts against Defendant Foster (Dkt. 37 ¶¶ 72–108); as such, Plaintiffs were not required to serve the amended complaint upon Foster. *See* Fed. R. Civ. P. 5(a)(2); *In re Kutrubis*, 486 B.R. 895, 900 (N.D. Ill.), *aff'd*, 550 F. App'x 306 (7th Cir. 2013); *Chesser v. MIL Clothing Co. LLC*, No. 24-CV-974-PP, 2026 WL 207200, at *6 (E.D. Wis. Jan. 27, 2026).

[4] Plaintiffs have not raised the issue of Defendant Foster's absence at any point during the pendency of this case, even though Foster's answer was due years ago and Defendants have noted that fact. (E.g., Dkt. 14; Dkt. 47.) Considering that all of Plaintiffs' federal claims have been resolved, the Court dismisses the remainder of Plaintiffs' pendent state-law claims. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."). Plaintiffs have not argued for retaining federal jurisdiction over their state-law claims against Foster. Accordingly, the claims are dismissed without prejudice. To the extent Plaintiffs think they can plead (and prosecute) a viable claim, they can seek leave of this Court to reinstate the case and file an amended complaint. Conversely, Defendants' crossclaim (Dkt. 59), which sought indemnification from Foster for any liability imposed on them, is dismissed as moot in view of the grant of summary judgment in Defendants' favor.

[5] To state a claim "for relief in an action brought under § 1983," Plaintiff must establish "that the alleged deprivation" of a civil right "was committed under color of state law." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal citation omitted). To be sure, a private citizen "can act under color of law if there is 'evidence of a concerted effort between a state actor and that individual.' " *Id.* (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). In Count X, Plaintiffs have not pleaded that Foster is a state actor or otherwise pleaded to an adequate degree of specificity whether and how Foster corruptly conspired with any state actor. *See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939, 102 S. Ct. 2744, 2755, 73 L. Ed. 2d 482 (1982) ("Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true

## II.     STANDARD OF REVIEW

Summary judgment is warranted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008) (quoting *Magin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005)); *see also* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. As the " 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quotations omitted). All facts, and any inferences to be drawn from them, are viewed in the light most favorable to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

---

significance."). Because Plaintiffs have not pleaded a viable Section 1983 violation against Defendant Foster, the claim is dismissed without prejudice.

## III.    DISCUSSION

Defendants argue that they are entitled to judgment as a matter of law because they have quasi-judicial immunity. For the reasons discussed below, this Court agrees and thus grants Defendants' motion for summary judgment.

### A.    Legal Standard for Quasi-Judicial Immunity

An officer invoking quasi-judicial immunity[6] must show two things: first, that the officer acted under authority of a court order that is valid on its face; and second, that the officer did not exceed what the order authorized. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986); *Valdez v. City and Cnty. of Denver*, 878 F.2d 1285, 1289–90 (10th Cir. 1989). Facial validity is a modest threshold. An order is facially valid when it appears regular on its face, identifies the case, the parties, and the property or person to which it applies, and bears no internal defect such as obvious jurisdictional infirmity or an express stay. *Dunn v. City of Elgin*, 347 F.3d 641, 648 (7th Cir. 2003) (officers are not required to review the validity of orders like "appellate courts" they must simply determine whether the order was entered by an Illinois judge); *Valdez*, 878 F.2d at 1289 to 1290; *Engebretson v. Mahoney*, 724 F.3d 1034, 1041 (9th Cir. 2013) (citing *Francis v. Lyman*, 216 F.2d 583, 585 (1st Cir. 1954) (" 'facially valid' means that an order is 'fair and regular on [its] face' ")). Plain

---

[6] Quasi-judicial immunity provides absolute immunity for officers executing a judicial directive because the directive itself is a judicial function once the order issues, and personal liability for faithful execution would impede the courts' ability to act through their officers. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986).

deficiency is the touchstone for denying reliance. *Messerschmidt v. Millender*, 565 U.S. 535, 546–547 (2012); *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986).

### B. Defendants Relied On A Facially Valid Court Order

As the undisputed record reflects, the Order for Possession was facially valid. It identified the correct parties and premises, bore the court's case caption and date, and contained no internal stay or limitation. (Dkt. 96 ¶ 6.) Before executing the order on November 6, 2017, Defendants verified with the Sheriff's Evictions Office whether any motion, stay, or superseding order affected execution, and they were told none existed. (Dkt. 96 ¶¶ 9–16, 32.) Only then did they proceed to the Residence. (*Id.* ¶ 11.) On these undisputed facts, reliance on the Order for Possession entitles Defendants to quasi-judicial immunity. *See Henry*, 808 F.2d at 1239; *Valdez*, 878 F.2d at 1289–90.

Plaintiffs' principal rejoinder is that they had secured a stay before November 6. The problem, however, is one of proof and procedure. The only process that halts execution requires the litigant to file the stay in person with the Sheriff's Evictions Office, accompanied by two certified copies bearing the clerk's raised seal and two additional copies. (*Id.* ¶¶ 21–24.) According to the summary judgment record in this case, no such filing existed at the time the Order for Possession was executed. (*Id.* ¶¶ 15–16.) Under the Sheriff's process, a stay that lives only in a litigant's briefcase does not stop the deputies at the door. *See Rucinski v. United States*, No. 94 C 6619, 1995 U.S. Dist. LEXIS 2700, at *15 (N.D. Ill. Mar. 2, 1995) (facially valid court order "expressly authorized the sheriffs to enter the property to evict"). The

7

Fourth Amendment question here is what was objectively apparent to the executing officers at the time. *See Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016); *Tibbs*, 469 F.3d at 665. As the Tenth Circuit has explained, "facially valid" does not mean correct in every respect; an erroneous order can still be valid on its face. *Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir. 1990).

Nor do Plaintiffs identify any feature of the Order for Possession that would have alerted a reasonable officer to a defect on its face. There are no crossed-out dates, no obvious mismatch of parties or premises, no internal stay language, and no superseding order communicated to or filed with the Sheriff. Defendants did what the Fourth Amendment requires—they checked for new developments with the office responsible for tracking them. Finding none, they executed the court's command.

## C.  Defendants' Search Did Not Exceed What the Order Authorized

Plaintiffs next argue that, even if entry was authorized, Defendants exceeded the Order for Possession by searching through personal effects. A review of the record, however, does not find support for that claim. Video footage shows a brief, safety-oriented, sweep followed by Defendants' exit and posting of the eviction notice. (Dkt. 95-8.) The footage does not depict rummaging, opening containers, or removing property. (*Id.*) Moreover, video footage contradicts Plaintiffs' speculative assertions that at least one of them appeared during the eviction to contest its legality. (*Id.*) Where "video footage firmly settles a factual issue," courts do not indulge a contrary narrative. *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Dukes v. Freeport Health Network Mem'l Hosp.*, No. 3:19-cv-50189, 2022 U.S. Dist. LEXIS 66453, at *13 (N.D. Ill. Apr. 11, 2022).

In any event, the limited sweep performed by Defendants was permissible. Court-ordered evictions in Illinois require that police officers "[s]ecure the residence by clearing each room in search of occupants." (Dkt. 95-3.) When officers carry out a facially valid order by performing those precise, ministerial steps, they act within the terms of the order for purposes of quasi-judicial immunity. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238–39 (7th Cir. 1986) (extending quasi-judicial immunity to officers executing a foreclosure/possession judgment); *Richman v. Sheahan*, 270 F.3d 430, 437–38 (7th Cir. 2001) (immunity protects fidelity to the judge's directive, not discretionary deviations in the manner of execution); *Zoretic v. Darge*, 832 F.3d 639, 644–45 (7th Cir. 2016) (quasi-judicial immunity applies to court-ordered evictions where officers perform nondiscretionary tasks at the explicit direction of a court). As the video reflects, Defendants followed the requirements of the Order for Possession. They performed a quick person-locating pass through rooms to secure the premises, filled out required documentations, and posted necessary signage before leaving. (Dkt. 95-8.)

Plaintiffs' theory asks the Court to disregard objective video evidence and impose a constitutional duty on eviction officers to divine unfiled stay orders and defy facially valid court orders. But the Fourth Amendment demands only reasonableness, not clairvoyance. Because Defendants (1) executed a facially valid Order for Possession, and (2) confined their conduct to what the Order required, Defendants are entitled to quasi-judicial immunity. Summary judgment for Defendants is therefore warranted.

9

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. 95) is granted. Plaintiffs' cross-motion for summary judgment (Dkt. 110) is denied.

SO ORDERED in No. 19-cv-07280.

Date: March 26, 2026

_____
JOHN F. KNESS
United States District Judge

10